IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THOMAS E. BALKE, TEBJES INC. d/b/a BASIC EQUIPMENT and ULTRAWAVE TECHNOLOGY FOR EMULSION CONTROL, LLC d/b/a ULTRATEC, LLC, | § § § § § § | |
| Appellants, | § § | |
| v. | § § | CIVIL ACTION NO. 4:18-cv-731 |
| DON B. CARMICHAEL, KK & PK FAMILY, L.P., BARRY D. WINSTON, and GARY EMMOTT, | § § § § § | |
| Appellees. | § | |

**ORDER**

The appellants, Thomas Balke, TEBJES Inc. d/b/a Basic Equipment, and Ultrawave Technology for Emulsion Control LLC d/b/a Ultratec LLC, appeal from the bankruptcy court's judgment in Adversary No. 14-03375, *Don B. Carmichael, KK & PK Family LP, Barry D. Winston and Gary Emmett v. Tommy Balke, in his individual capacity, TEBJEC, Inc., d/b/a Basic Equipment, and Ultrawave Technology for Emulsion Control LLC d/b/a Ultratec LLC*, filed in Bankruptcy No. 13-30466, *In re Imperial Petroleum Recovery Corp.*

The appellants move this court to determine its appellate jurisdiction. (Docket Entry No. 2). The appellees, Don B. Carmichael, KK & PK Family LP, Barry D. Winston, and Gary Emmett, oppose the motion. (Docket Entry No. 8). Based on the record, the parties' briefing, and the applicable law, the court denies the appellants' motion as moot, without prejudice subject to either party's reurging based on supplemental briefing. The reasons for this decision are explained below.

1

**I.   Background**

A timeline is helpful:

- January 31, 2018. The bankruptcy court entered final judgment in the adversary proceeding. (Adversary No. 14-03375, Docket Entry No. 275).

- February 14, 2018. The appellants moved to alter, amend, or vacate the judgment or, alternatively, for a new trial. (Adversary No. 14-03375, Docket Entry No. 282).

- February 21, 2018. The bankruptcy court dismissed the motion because it was not signed by appellants' bankruptcy counsel and because a proposed order was not filed with the motion. (Adversary No. 14-03375, Docket Entry No. 286).

- February 23, 2018. The appellants filed an emergency motion to reconsider the dismissal order. (Adversary No. 14-03375, Docket Entry No. 289).

- March 2, 2018. Oral argument was held before the bankruptcy court on the reconsideration motion, which was taken under advisement.

- March 7, 2018. The appellants filed a notice of appeal from the February 21 order dismissing the motion to alter, amend, or vacate, or for a new trial. (Adversary No. 14-03375, Docket Entry No. 305).

- March 7, 2018. The bankruptcy court orally vacated the dismissal order after the appellants' notice of appeal filing. (Adversary No. 14-03375, Docket Entry No. 309).

- March 9, 2018. The bankruptcy court issued a written order vacating the dismissal order and setting a hearing on the merits of the appellants' motion to alter, amend, or vacate the judgment and alternative motion for a new trial. (Adversary No. 14-03375, Docket Entry No. 310).

- March 29, 2018. The bankruptcy court abated the hearing on the merits of the appellants' motion until further order. (Adversary No. 14-03375, Docket Entry No. 326).

**II.     Analysis**

"Federal courts are not in the business of rendering advisory opinions." *C & H Nationwide, Inc. v. Norwest Bank Tex. NA*, 208 F.3d 490, 493 (5th Cir. 2000). "Federal courts are without the power to decide moot questions, that is, 'when, by virtue of an intervening event, a court of appeals cannot grant any effectual relief whatever in favor of the appellant.'" *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (internal quotation marks and citation omitted). Relief that requires an advisory opinion "on the district court's possible future behavior" cannot be granted in the absence of an "actual case or controversy." *United States v. Featherstone*, 703 Fed. Appx. 300, 303 (5th Cir. 2017).

"The district courts have the authority to hear appeals from the final judgments of a bankruptcy court." 28 U.S.C. § 158(a); *In re Cowin*, 538 B.R. 721, 731 (S.D. Tex. 2015), *aff'd sub nom. Matter of Cowin*, 864 F.3d 344 (5th Cir. 2017). Federal Rule of Bankruptcy Procedure 8002 states: "Except as provided in subdivisions (b) and (c), a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." FED. R. BANKR. P. 8002(a)(1). Rule 8002(b) states:

> **(1) In general**
> If a party files in the bankruptcy court any of the following motions and does so within the time allowed by these rules, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
>
> > **(A)** to amend or make additional findings under Rule 7052, whether or not granting the motion would alter the judgment;
> >
> > **(B)** to alter or amend the judgment under Rule 9023;
> >
> > **(C)** for a new trial under Rule 9023; or

> **(D)** for relief under Rule 9024 if the motion is filed within 14 days after the judgment is entered.
>
> **(2) Filing an appeal before the motion is decided**
>
> If a party files a notice of appeal after the court announces or enters a judgment, order, or decree—but before it disposes of any motion listed in subdivision (b)(1)—the notice becomes effective when the order disposing of the last such remaining motion is entered.

FED. R. BANKR. P. 8002(b)(1)–(2).

"[W]hen a notice of appeal has been filed in a bankruptcy case, the bankruptcy court retains jurisdiction to address elements of the bankruptcy proceeding that are not the subject of that appeal." *In re Transtexas Gas Corp.*, 303 F.3d 571, 580 (5th Cir. 2002) (citing *Sullivan Cent. Plaza I, Ltd. v. BancBoston Real Estate Capital Corp. (In re Sullivan Cent. Plaza I, Ltd.)*, 935 F.2d 723, 727 (5th Cir.1991)).

The appellants ask this court to determine whether it has appellate jurisdiction. (Docket Entry No. 2). The appellants acknowledge the general principle that appellate jurisdiction vests after a notice of appeal is filed, but they do not affirmatively make that argument as applied to the facts in this case. Rather, the appellants ask the court "to resolve the jurisdictional issue and to provide clarity to the parties and the court below." *Id.* at 7. The appellees, in contrast, affirmatively argue that appellate jurisdiction vested after the appellants' notice of appeal was filed, giving this court the authority to hear the bankruptcy appeal. (Docket Entry No. 8 at ¶ 8).

The appellants' motion is moot because it asks the court for an advisory opinion. Motions to determine jurisdiction are uncommon, but when courts have entertained them, jurisdiction is often disputed. *See, e.g.*, *Jackson v. Missouri, Kan. & Okl. Coach Lines*, 63 F. Supp. 828, 829 (W.D. Mo. 1945) (confirming jurisdiction when the parties disagreed on irregularities in a removal proceeding);

*In re Duckworth*, No. 12-CV-1148, 2012 WL 4518056, at *1 (C.D. Ill. Oct. 2, 2012) (dismissing for lack of jurisdiction when the parties contested whether a bankruptcy court's order was an appealable final order).

The court recognizes that the Fifth Circuit has allowed the determination of appellate jurisdiction absent a genuine controversy. *See In the Matter of National Gypsum Co.*, 208 F.3d 498 (5th Cir. 2000). But in *National Gypsum Co.*, both parties made arguments about whether appellate jurisdiction should have been confirmed. *Id.* at 501, n.3 ("[W]e have before us a pending motion—Defendant/Appellee's Motion to Determine Appellate Jurisdiction. Defendant/Appellee contends that jurisdiction is proper; in their response, Plaintiffs/Appellants concur. Upon due consideration of the parties' filings, the record of the proceedings below, and the applicable law, we agree."). Here, the appellants do not argue that appellate jurisdiction is proper. *Calderon*, 518 U.S. at 150; *C & H Nationwide*, 208 F.3d at 493. Because the appellants are "not prepared to argue that jurisdiction exists . . . the court, under our adversary system, should not make the argument." *Bradfield v. United States*, 35 Fed. Cl. 277, 278 (1996).

The court needs additional briefing before it can properly make a jurisdictional determination in this case. The appellants recognize that "whether Appellants' Motion to Reconsider the February 21, 2018 dismissal order qualifies as an order that will extend time under Fed. [R. Bankr. P.] 8002(b)(1)" is an issue that must be resolved, but neither party has argued whether the appellants' reconsideration motion falls into the Federal Rule of Bankruptcy Procedure 8002(b)(1) motions category. (Docket Entry No. 2 at 5); FED. R. BANKR. P. 8002(b)(1). This determination bears on when the appellants' notice of appeal became or will become effective and whether jurisdiction was removed to this court before the bankruptcy court vacated the dismissal order. FED. R. BANKR. P.

5

8002(a)(1), (b)(2).

The appellants are ordered to file supplemental briefing on whether their reconsideration motion falls under Rule 8002(b)(1), and how their argument impacts the court's appellate jurisdiction analysis. The appellants must file their brief by **May 18, 2018**. The appellees must respond by **May 25, 2018**.

## IV. Conclusion and Order

The appellants' motion to determine appellate jurisdiction is denied as moot, without prejudice subject to either party's reurging based on supplemental briefing. (Docket Entry No. 2). The appellants must file supplemental briefing on the Rule 8002(b) issue by **Friday, May 18, 2018**. The appellees must respond by **Friday, May 25, 2018**.

SIGNED on May 11, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge