IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THOMAS E. BALKE, TEBJES INC. d/b/a BASIC EQUIPMENT and ULTRAWAVE TECHNOLOGY FOR EMULSION CONTROL, LLC d/b/a ULTRATEC, LLC, | § § § § § § | |
| Appellants, | § § | |
| v. | § § | CIVIL ACTION NO. H-18-731 |
| DON B. CARMICHAEL, KK & PK FAMILY, L.P., BARRY D. WINSTON, and GARY EMMOTT, | § § § § § | |
| Appellees. | § | |

**ORDER**

**I.    Background**

Thomas E. Balke, TEBJES Inc. d/b/a Basic Equipment, and Ultrawave Technology for Emulsion Control LLC d/b/a Ultratec LLC appeal from the bankruptcy court's judgment in Adversary No. 14-03375, *Don B. Carmichael, KK & PK Family LP, Barry D. Winston and Gary Emmett v. Tommy Balke, in his individual capacity, TEBJEC, Inc., d/b/a Basic Equipment, and Ultrawave Technology for Emulsion Control LLC d/b/a Ultratec LLC*, filed in Bankruptcy No. 13-30466, *In re Imperial Petroleum Recovery Corp.* The appellees, Don B. Carmichael, KK & PK Family, L.P., Barry D. Winston, and Gary Emmott, moved to abate the briefing deadlines, and the appellants responded. (Docket Entry Nos. 18, 20). Based on the parties' filings, the record, and the applicable law, the appellees' motion is granted. The briefing deadlines in this case are abated pending the bankruptcy court's ruling on the appellees' motion to strike, (Adversary No. 14-03375,

1

Docket Entry No. 361), or further order of this court.

## II.     Appellate Jurisdiction

As a threshold matter, the appellants moved the district court to determine its appellate jurisdiction. (Docket Entry No. 2, 14). Both parties agree that this court has appellate jurisdiction. (Docket Entry Nos. 14, 15). The Fifth Circuit has allowed the determination of appellate jurisdiction absent a genuine controversy. *See In the Matter of National Gypsum Co.*, 208 F.3d 498, 501 n.3 (5th Cir. 2000) ("[W]e have before us a pending motion—Defendant/Appellee's Motion to Determine Appellate Jurisdiction. Defendant/Appellee contends that jurisdiction is proper; in their response, Plaintiffs/Appellants concur. . . . [W]e agree."). Having considered the parties' arguments, the record, and the applicable law, the court confirms its appellate jurisdiction.

## III.    Motion to Abate Deadlines

The appellees have moved the bankruptcy court to strike items from the appellants' designation of record on appeal, and the appellants have responded. (Adversary No. 14-03375, Docket Entry Nos. 361, 375). The appellees ask this court to abate the current appellate briefing deadlines until the bankruptcy court rules on what to include in the appellate record. (Docket Entry No. 18). The appellants oppose abatement and ask the court to set a new briefing schedule allowing them an uninterrupted 30 days to prepare their opening brief. (Docket Entry No. 20). The appellees rely on Federal Rule of Bankruptcy Procedure 8009(e) to argue that the bankruptcy court must first resolve their motion to strike certain items from the appellants' amended designation of record on appeal. (Adversary No. 14-03375, Docket Entry No. 361).

Rule 8009(e)(1) states:

If any difference arises about whether the record accurately discloses what occurred
in the bankruptcy court, the difference must be submitted to and settled by the

bankruptcy court and the record confirmed accordingly. If an item has been improperly designated as part of the record on appeal, a party may move to strike that item.

FED. R. BANK. P. 8009(e)(1).

The appellants argue that the motion to strike does not assert that the designation "inaccurately discloses what procedurally occurred in the bankruptcy court. Rather, Appellees primarily seek to strike mandatory contents (docket sheet and minute entries) and pleadings and transcripts that Appellees do not wish this Court to consider." (Docket Entry No. 20 at 10). The appellants assert that abating the briefing deadlines until

> after the record is completed and transmitted in order to allow a ruling on an unresolved motion to strike, as Appellees urge this Court to do, would unnecessarily complicate the appeal process, ignore this Court's authority over the record once transmitted, and would have the absurd result of requiring that an existing record be stricken and re-compiled to remove items solely because a party contends that some of the items included are unnecessary to the appeal.

*Id.* at 11–12.

Abating the briefing deadlines would not undermine this court's appellate jurisdiction. Rule 8009(e)(1) "leaves no doubt that any dispute over designation of items must be adjudicated by the bankruptcy court, and not the district court to which the appeal has been assigned." *In re Digerati Techs., Inc.*, 531 B.R. 654, 659 (Bankr. S.D. Tex. 2015). The bankruptcy court, not this court, should rule on the motion to strike. The brief deadlines are abated pending the bankruptcy court's ruling on the motion to strike or until further order of this court.

## IV. Conclusion

The court's appellate jurisdiction over this case is confirmed. The appellees' motion to abate, (Docket Entry No. 18), is granted pending the bankruptcy court's ruling on the appellees' motion to strike, (Adversary No. 14-03375, Docket Entry No. 361), or further order of this court.

The appellants must serve and file a brief within 30 days after either: (1) the bankruptcy court denies the appellees' motion to strike; or (2) the bankruptcy court grants the appellees' motion to strike and the clerk of court dockets notice that the resulting record has been transmitted or is available electronically. FED. R. BANK. P. 8018(a)(1). "The appellee[s] must serve and file a brief within 30 days after service of the appellant[s'] brief," and "[t]he appellant[s] may serve and file a reply brief within 14 days after service of the appellee[s'] brief . . . ." FED. R. BANK. P. 8018(a)(2)–(3).

SIGNED on July 6, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge