**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

THOMAS BALKE, TEBJES INC. §
d/b/a BASIC EQUIPMENT, and §
ULTRAWAVE TECHNOLOGY §
FOR EMULSION CONTROL LLC §
d/b/a ULTRATEC LLC, §
§
     Appellants, §
§
v. §   CIVIL ACTION NO. H-18-731
§
DON B. CARMICHAEL, KK & PK §
FAMILY, L.P., BARRY D. WINSTON, §
and GARY EMMOTT, §
§
     Appellees. §

## MEMORANDUM OPINION AND ORDER

The appellees, Don B. Carmichael, KK & PK Family, L.P., Barry D. Winston, and Gary Emmott, jointly moved for the entry of an order requiring the Clerk of Court to retransmit the record on appeal. (Docket Entry No. 31). The appellants, Thomas Balke, Basic Equipment, and Ultratec LLC, have moved to abate briefing deadlines in this case until 30 days after the Fifth Circuit rules on a related matter, Appeal No. 19-20616, in this fractured set of appeals from the bankruptcy court. (Docket Entry No. 32). The appellees opposed the motion to abate. (Docket Entry Nos. 33–34). For the reasons explained below, the motion to require the Clerk to retransmit the record on appeal is granted, and the motion to abate is denied.

The bankruptcy court issued its findings of fact, conclusions of law, and judgment in January 2018. (Adv. No. 14-3375, Docket Entry Nos. 274–75). The appellants filed three separately docketed appeals from that judgment and other orders of the bankruptcy court. (Civil Action Nos. H-18-731, H-18-937, H-19-313). The first appeal—this case—was filed in March

2018.  (Docket Entry No. 1).  In July 2018, this court abated the briefing deadlines of this appeal pending the bankruptcy court's ruling on the appellees' motion to strike certain items the appellants designated as part of the record on appeal.  (Docket Entry No. 22).

In October 2018, the bankruptcy court granted in part and denied in part the appellees' second amended motion to strike.  (Adv. No. 14-3375, Docket Entry No. 439).  The bankruptcy court ordered that several items be stricken from the appellants' Designation of Record and excluded from the record of this appeal, and that the Clerk of Court retransmit the record on appeal to the district court without these items.  (Adv. No. 14-3375, Docket Entry No. 439 at 2, 4).  The items stricken from the record are the transcripts docketed in the main case, Bankruptcy Case No. 13-30466, on July 12, 2013, May 7, 2014, and February 14, 2014, and the defendants' Exhibits 18, 19, 20, 22, 23, 24, 26, 27, 28, 30, 31, 32, and 33.  (*Id.* at 4).

The appellants appealed that ruling, and this court affirmed.  (Civil Action No. H-19-313, Docket Entry Nos. 29, 44).

This court addressed the transmission of the bankruptcy court record in its July 6, 2018, order of abatement pending the bankruptcy court's ruling on the record.  (Docket Entry No. 22 at 4).  This court's order required the appellants to "serve and file a brief within 30 days after either: (1) the bankruptcy court denies the appellees' motion to strike; or (2) the bankruptcy court grants the appellees' motion to strike and the clerk of court dockets notice that the resulting record has been transmitted or is available electronically."  (*Id.*).

The Clerk of Court must retransmit the record for the appeal in accordance with the bankruptcy court's order docketed in Adv. No. 14-3375, at Docket Entry No. 439, and in conformity with this court's order at Docket Entry No. 22 in this case.  That retransmitted record must exclude the following items:

2

| Main Case No. 13-30466 | |
|---|---|
| | |
| Main Case Doc. No. 98 | 7/12/2013 Transcript regarding testimony of Alan Springer |
| | 5/7/2014 Transcript of the Meeting of Creditors |
| Main Case Doc. No. 385 | 2/14/2014 Transcript |
| | |
| **Defendants' Exhibits** | |
| | |
| Defendants' Exhibit 18 | |
| Defendants' Exhibit 19 | |
| Defendants' Exhibit 20 | |
| Defendants' Exhibit 22 | |
| Defendants' Exhibit 23 | |
| Defendants' Exhibit 24 | |
| Defendants' Exhibit 26 | |
| Defendants' Exhibit 27 | |
| Defendants' Exhibit 28 | |
| Defendants' Exhibit 30 | |
| Defendants' Exhibit 31 | |
| Defendants' Exhibit 32 | |
| Defendants' Exhibit 33 | |

Abating the briefing deadlines will prejudice the appellees and further delay the adjudication of the first appeal. There is no basis to find prejudice to the appellants by requiring them to proceed. To the contrary, any prejudice from the continued delay will be visited on the appellees. The appellants' motion to abate briefing deadlines is denied.

SIGNED on January 3, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge